UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  5/22/2023
```

------------------------------------------------------------------X
        :

Ricardo Taboada,          :

             Petitioner,    :

          :        22-cv-8141 (LJL)

      -v-         :        19-cr-117 (LJL)

          :

United States of America,        :    MEMORANDUM &

          :          ORDER

            Respondent.   :

          :

------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      Movant Ricardo Taboada ("Taboada") moves for reconsideration of this Court's opinion and order dated February 13, 2023, construing his petition as a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, and denying it without issuing a certificate of appealability. Dkt. No. 7.[1]  In that motion, Taboada argued that the sentencing court miscalculated his Sentencing Guidelines range by using his "intended loss" for the crime of fraud instead of the actual loss.  The Court denied the motion for two reasons.  First, Taboada waived his right to challenge his sentence through a Section 2255 motion.  Dkt. No. 7 at 5 (citing *Garcia-Santos v. United States*, 273 F.3d 506, 509 (2d Cir. 2001)).  Second, the Court found that binding Second Circuit law requires it to "'apply the greater of the actual or intended loss amount' in calculating a defendant's sentencing guidelines."  *Id.* (quoting *United States v. Lacey*, 699 F.3d 710, 718 (2d Cir. 2012)).  The Court rejected Taboada's argument that, under *Kisor v. Wilkie*, 139 S. Ct. 2400 (2019), "loss" as referred to in Section 2B1.1 of the Sentencing Guidelines, must be limited to the actual loss caused by the defendant's offense.  *Id.* at 5–6.  For the reasons set forth below, Taboada motion for reconsideration is denied.

      "A motion for reconsideration should be granted only if the movant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  *Spin Master Ltd. v. 158*, 2020 WL 5350541, at *1 (S.D.N.Y. Sept. 4, 2020) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)).  "The standard for granting a motion for reconsideration 'is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the Court.'"  *Justice v. City of New York*, 2015 WL 4523154, at *1 (E.D.N.Y. July 27, 2015) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

---

[1] Unless otherwise stated, all docket references are to Case No. 22 Civ. 8141.

Taboada relies upon the decision by the United States Court of Appeals for the Third Circuit in *United States v. Banks*, 55 F.4th 246 (3d Cir. 2022).  There, the Third Circuit accepted Taboada's argument and held that "the ordinary meaning of the word 'loss' is the loss the victim actually suffered."  *Id.* at 257–58.  Thus, the Third Circuit held that the Sentencing Guidelines should be based on actual loss rather than intended loss and remanded the case for resentencing.  *Id.*  This Court, however, need not address whether the Third Circuit's reasoning should govern this case, because Taboada has not argued that the Court erred in holding that he had waived his right to challenge his sentence through a Section 2255 motion.

This Court cannot *sua sponte* relieve Petitioner from his agreement not to challenge his sentence in a Section 2255 motion.  *See Garcia-Santos*, 273 F.3d at 509; *Perez v. United States*, 2015 WL 3413596, at *3 (S.D.N.Y. May 28, 2015) ("A defendant's knowing and voluntary waiver of his right to bring a petition pursuant to section 2255 is generally enforceable." (citation omitted)); *cf. United States v. Arevalo*, 628 F.3d 93, 97 (2d Cir. 2010) (holding that waiver of right to appeal a sentence includes "a waiver of the right to appeal alleged Rule 32 errors").  As the Second Circuit has emphasized, agreements such as the one Taboada entered serve "important interests of both parties."  *Garcia-Santos*, 273 F.3d at 509.  The Government avoids "both the expense and uncertainty of further litigation" while the defendant "receive[s] significant assurance, although no guarantee, that the sentence w[ill] not exceed a predicted maximum severity."  *Id.*  Thus, regardless whether *Banks* was correctly decided and whether the Court might agree that loss is properly limited to actual loss, Taboada has waived his right to make that argument and to challenge his sentence in this case where judgment has become final.

For the reasons stated in the Court's February 13, 2023 opinion and order, the Court finds that there is no merit to Taboada's argument that the Court improperly construed his petition for a writ of *audita querela* as a Section 2255 motion.  Dkt. No. 7 at 3–4.

Accordingly, Taboada's motion for reconsideration is DENIED.  The Clerk of Court is respectfully directed to close Dkt. No. 8 in Case No. 22 Civ. 8141 and Dkt. No. 159 in Case No. 19 Crim. 117.


SO ORDERED.


Dated: May 22, 2023
     New York, New York                    _____
                                      LEWIS J. LIMAN
                            United States District Judge